RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12 , 8 , 06
BY OM

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

DEVON ENERGY PRODUCTION, CO., L.P.

versus                          CIVIL ACTION NO. 04-2093
                                          JUDGE TOM STAGG

GAIL NORTON, ET AL.

## MEMORANDUM RULING

Before the court is a "Motion For Joinder Under F.R.C.P. Rule 19(a)" filed by the third-party defendant, the State of Louisiana ("the State"). Record Document 25. Based on the following, the State's motion is **GRANTED**.

## I. BACKGROUND

Devon Energy Production Company, L.P. ("Devon"), was the lessee of a federal mineral lease issued by the United States, specifically the Department of the Interior ("DOI") and its sub-agency, the Bureau of Land Management ("BLM"). According to Devon and the federal defendants, on April 6, 1923, the United States patented approximately eighty acres of land in Webster Parish to a private party, but retained the mineral rights in and to that specific tract of land. On October 1, 2000, the DOI and BLM granted a federal lease relative to the aforesaid tract to Clark

Energy Company ("Clark"). Clark then assigned the lease to Devon. Due to the United States's claim to all mineral rights in the tract, Devon paid royalties, where appropriate, on the entire tract beginning at the inception of the lease.

On September 13, 1999, the State granted a lease to Cohort Energy Company ("Cohort"). This lease affected a portion of the eighty acre tract covered by the lease in place between the United States and Devon. Considering the State's lease to Cohort a cloud on its title under the federal lease, Devon filed suit against the federal defendants, asserting that the State's claim of title affected Devon's rights arising under its own lease. Devon contended that the United States "failed to take action to protect Devon's rights arising from the Federal Lease to the mineral rights . . . ." Record Document 1 at 5. Devon further asserted that although the United States was aware of the title dispute, it nonetheless required Devon to perform all lease obligations and to pay royalties based on federal mineral ownership of the entire eighty acre tract. In 2005, after the initiation of this suit, Devon assigned its interest in the federal lease to KCS Resources ("KCS") who thereafter was substituted as the party plaintiff in place of Devon. See Record Document 13.

The defendants filed a third-party complaint against the State, seeking a declaration that the United States- not the State- possesses title to all minerals leased to the plaintiff, along with certain tracts of lands and certain bodies of water when

2

not in flood. The defendants contend that "Louisiana is only entitled to the bed of a navigable stream to the ordinary high water mark, but not to the lands submerged during periods of flood." Record Document 28 at 6. In response, however, the State maintains that it owns all of the property described in its lease to Cohort, and that the portion of that property covered by the KCS lease actually belongs to the State, not the federal government.

The State then filed the instant motion for joinder, seeking to join "entities holding oil, gas, and mineral leases from the State on tracts of land or water-bottom on which both the State and the United States claim either outright ownership or reservation of mineral rights." Record Document 25 at 2. The State argues that its lessees should be joined so that those persons or entities may have an opportunity to protect their lease interests against the claims of KCS and the United States.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." HS Res., Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003). According to the directives in Rule 19(a), if the State's lessees are subject to process and their joinder will not deprive this court of subject matter jurisdiction, they must be joined if: (1) in their absence complete relief cannot be accorded among those

3

already parties, or (2) they claim an interest relating to the subject of the action and are so situated that the disposition of the action in their absence may (i) as a practical matter impair or impede their ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. See Fed. R. Civ. P. 19(a). If a person meets the aforesaid criteria, the court shall order that person to be made a party to the suit. See id. The subject matter jurisdiction in the case at bar is based on 28 U.S.C. § 1331 (federal question), rather than 28 U.S.C. § 1332 (diversity of citizenship). As such, the joinder of additional lessees, regardless of their citizenship, will not deprive the court of its jurisdiction.[1]

The Fifth Circuit Court of Appeals has instructed that when multiple parties claim an ownership interest in the same property, all of the potential claimants must be joined to provide complete relief and to protect the interests of the absent parties. See Hilton v. Atl. Ref. Co., 327 F.2d 217, 219 (5th Cir. 1964) (determining that non-participating royalty holders were indispensable parties because a judgment rendered in their absence would have precluded them from enforcing their rights

---

[1] Because the court is not presented with a diversity of citizenship situation, it need not undertake the four-part "indispensable party" analysis. See Brown v. Pac. Life Ins. Co., 462 F.3d 384, 393-94 (5th Cir. 2006).

4

under their lease). The outcome of the instant litigation-- determining which party has proper title to the disputed property and the mineral rights therein-- has the potential to adversely affect the rights of the State's lessees, as their leasehold interests could be negated. In other words, if it is determined that the United States is the true possessor of title to the minerals underlying the disputed property, the State leases may be deemed ineffective.

Thus, it appears that failure to join the State's lessees will "impair or impede" the lessees' ability to protect their leasehold interests and/or it will subject the State to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a). That the defendants agree that certain State lessees should be joined as parties in this suit further bolsters the court's decision: "Defendants concede that the foregoing persons [Cohort Energy Company, Anadarko Petroleum, and Samson Contour Energy E&P, LLC] should be joined as parties under Rule 19(a). . . . Additionally, the court should compel the State of Louisiana to join all of its licensees, lessees, or grantees whose claimed interests are in conflict with those asserted by the United States." Record Document 31 at 5.

## III. CONCLUSION

Based on the foregoing, the court determines that the State's lessees are necessary parties[2] who should be joined under Rule 19.

Accordingly, the State's motion for joinder (Record Document 25) is hereby **GRANTED**. The federal defendants are ordered to amend their Third-Party Demand no later than **February 9, 2007** and add as additional third-party defendants all persons whose interests could be adversely affected by resolution of the claims asserted by the federal defendants in this case. The status conference scheduled for December 18, 2006 is **cancelled** and will be reset in due course.

A order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ____ day of December, 2006.

_____
JUDGE TOM STAGG

---

[2] See Shelton v. Exxon Corp., 843 F.2d 212, 216 (5th Cir. 1988) (explaining that "if, as a matter of equity the court finds that the lawsuit cannot proceed without the absent party, then that party be considered indispensable and the case dismissed. If, however, the lawsuit can proceed, the party is only a necessary one.").